1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF SEATTLE,

                Plaintiff,

      v.

NATIONAL CASUALTY COMPANY,

              Defendant.

NO.

COMPLAINT FOR MONEY DAMAGES
AND DECLARATORY RELIEF

The City of Seattle ("the City"), for its complaint against defendant National Casualty Company ("NCC"), alleges as follows:

## I.  NATURE OF THE CASE

1.      This is a civil action for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 to determine the parties' rights and obligations under two insurance policies that NCC issued to the Seattle Sounders and for which the City is an additional insured.  Specifically, the City seeks a determination that NCC is obligated to defend and indemnify the City in a lawsuit filed in King County Superior Court, and that its failure to do so constitutes a breach of contract, bad faith, and a violation of the Insurance Fair Claims

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 1
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Handling Act and the Consumer Protection Act.  The City further seeks contractual and extracontractual damages, as well as an award of attorney's fees under *Olympic Steamship Co., Inc. v. Centennial Insurance Co.*, 117 Wn.2d 37 (1991).

## II.  THE PARTIES

2.  The City of Seattle is a Municipal Corporation organized and existing under Title 35 RCW located in King County, Washington.  King County, Washington, is within the Western District of Washington.

3.  Defendant National Casualty Company is an insurance company registered to do business in Washington State, with a registered address in Columbus, Ohio.

## III.  JURISDICTION AND VENUE

4.  This Court has original jurisdiction over this action by reason of complete diversity between the City and NCC pursuant to 28 U.S.C § 1332 and 2201.  Given the limits of the policies and the defense costs already incurred, the amount in controversy exceeds the sum of $75,000, exclusive of fees and costs.

5.  This Court has personal jurisdiction over the City and venue is proper in this district pursuant to 28 U.S.C. § 1391 because the City is in the Western District of Washington.

## IV.  BACKGROUND FACTS

6.  NCC issued a primary policy of insurance with a $1 million limit to the Seattle Sounders men's professional soccer team ("Sounders"), to cover the period from March 1, 2016 through March 1, 2017 ("Primary Policy").  It is attached as **Exhibit 1**. It also issued an excess policy for $10 million covering the same period ("Excess Policy"), attached as **Exhibit 2**.

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 2
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

7.      The Sounders won the Major League Soccer championship on December 10, 2016.  They wanted to have a parade in Seattle within a few days of the championship match. They had contacted the City a few days before the match about holding a parade.  Shortly after their victory, they again contacted the City and applied for and received a parade permit from the City's Special Events Committee.  The permit included a requirement that the Sounders obtain insurance for the parade, and that said insurance name the City as an additional insured.

8.      The  Sounders provided proof of insurance which showed the City as an Additional Insured under the Primary Policy and Excess Policy.  That three-page document is attached as **Exhibit 3** hereto. It is the only document the City received from the Sounders or NCC until April of 2020.  Exhibit 3 lists the City of Seattle Risk Management Division as an Additional Insured.  Under a section labelled "DESCRIPTION OF OPERATIONS," it provides:

> **Certificate Holder [City] is an Additional Insured** as respects their interests in the operations of the named insured as required by written general contract regarding General Liability.  This insurance is primary and non-contributory over any existing insurance and limited to liability arising out of the operations of the named insured and where required by written contract.

Ex. 3 at page 1 (emphasis added).

9.      The following page provides:

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 3
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## ADDITIONAL INSURED – STATE OR GOVERNMENTAL AGENCY OR SUBDIVISION OR POLITICAL SUBDIVISION – PERMITS OR AUTHORIZATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| State Or Governmental Agency Or Subdivision Or Political Subdivision: |
| --- |
| City of Seattle, WA |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.** **Section II – Who Is An Insured** is amended to include as an additional insured any state or governmental agency or subdivision or political subdivision shown in the Schedule, subject to the following provisions:

**1.** This insurance applies only with respect to operations performed by you or on your behalf for which the state or governmental agency or subdivision or political subdivision has issued a permit or authorization.

However:

**a.** The insurance afforded to such additional insured only applies to the extent permitted by law, and

**b.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**2.** This insurance does not apply to:

**a.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of operations performed for the federal government, state or municipality; or

**b.** "Bodily injury" or "property damage" included within the "products-completed operations hazard".

**B.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement; or

**2.** Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

Ex. 3 at p. 2 (highlighting added).

10.     On information and belief, Exhibit 3 was drafted by NCC, its broker K & K, or other agents of NCC.

## V.  THE PARADE

11.     The Sounders selected the trolley vehicles for the parade, arranged for crowd control, and planned the parade route.  The parade route started at Westlake Center, and then

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 4
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

proceeded to Fifth Avenue. The trolleys were supposed to turn left from Fifth Avenue on Broad Street and into the Seattle Center grounds where a ceremony would be held.  Seattle Police Department ("SPD") bicycle officers escorted the trolleys and attempted to keep people from reaching in or out of them, and from jumping on or off.

12.     When the trolleys got to Fifth Avenue and Broad Street, fans were in the middle of the street.   The lead driver—an employee of MTR Western—could not safely turn left, so she decided to continue straight on Fifth Avenue and then turn left on Mercer Street, and then left on Queen Anne Avenue, and then into the Seattle Center.  However, she did not communicate this deviation to the other drivers or the Seattle Police Department ("SPD") on the available radio.  Once she deviated from the route, no one, including the SPD bicycle officers, knew where the parade was going.

13.     The driver of the first trolley turned left on Mercer and then left on Queen Anne Avenue. She was followed by trolleys two and three.  Plaintiff Brandon Dorr was riding his SPD bike on the front left corner of trolley number three and holding onto it with his right hand.  On information and belief, the Officer behind him asked him to move up so he could get a better grip on the trolley railing, as the middle of the railing was covered by a banner.

14.     Officer Dorr moved up at his colleague's request and was in front of the left front trolley wheel when the driver, without signaling or advising him by radio, or by any other means, turned left.

15.     Officer Dorr either did not see trolleys one and two turn left or did not appreciate the significance of their left turn. He and his bicycle were pushed over by the trolley as it turned, and he was run over and suffered injuries, including a broken ankle.

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 5
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

16.     Officer Dorr and his wife sued MTR Western in King County Superior Court. They then filed an amended complaint adding NCC's named insured (Sounders) and NCC's Additional Insured (the City).  The Amended Complaint, attached as **Exhibit 4**, contains allegations that MTR Western, the Sounders, and the City were all negligent.  The City was served with the Amended Complaint on March 16, 2019.

### VI.  NCC'S FIRST DENIAL OF THE CITYS' CLAIM

17.      At the time it was served, the City had no policy documents other than the 3-page Additional Insured document which is Exhibit 3.

18.     On or about June 1, 2019, the City tendered the defense of the lawsuit via email and included copies of Exhibits 3 (the Additional Insured document) and 4 (the Amended Complaint).  The tender went to an email address essreportaloss@nationwide.com.  The City's broker had advised that even though NCC was the name on the policy, Nationwide Excess & Surplus Lines was the proper entity for claims reporting.

19.     On behalf of NCC, K & K Insurance responded by email to the City's tender, requesting the parade planning and permitting documents.  The City promptly complied and forwarded that material via email.

20.     On June 14, 2019, K & K denied the City's claim, relying solely on exclusions in the Commercial General Liability Coverage Form, at pages 117-118 of the 264-page Primary Policy. Specifically, K & K cited an exclusion for liability arising out of "employment by the insured."  The City did not have a copy of that policy at that time. When it  obtained a copy of the policy nearly a year later in April of 2020, it realized that NCC had completely failed to address coverage under a different section, that is, "Stop Gap" coverage. That coverage is set

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 6
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

forth at pages 179-183 of the Policy. Those pages expressly provide coverage for claims made

by employees of the insured:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### STOP GAP—EMPLOYERS LIABILITY COVERAGE ENDORSEMENT—WASHINGTON

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SCHEDULE**

| Limits Of Insurance | | |
|---|---|---|
| Bodily Injury By Accident | $   1,000,000 | Each Accident |
| Bodily Injury By Disease | $   1,000,000 | Aggregate Limit |
| Bodily Injury By Disease | $   1,000,000 | Each Employee |

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A.**  The following is added to **Section I—Coverages:**

**COVERAGE—STOP GAP—EMPLOYERS LIABILITY**

**1.  Insuring Agreement**

**a.**  We will pay those sums that the insured becomes legally obligated by Washington Law to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

**(1)**  The amount we will pay for damages is limited as described in **Section III—Limits Of Insurance;** and

**(2)**  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under this coverage.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

Ex. 1 at PDF page 179 (highlighting added).

## VII.  NCC'S SECOND DENIAL OF THE CITY'S TENDER

21.     The City emailed Ms. Creel requesting copies of the policies on March 30,

2020; she sent them on April 3, 2020.

22.     The City enlisted the assistance of its broker, Marsh.  After reviewing the policy,

the Marsh claims advocate, Mohammad Iqbal, called Ms. Creel at the City's request.  The

purpose of the call was to ask Ms. Creel if she had considered the Stop Gap coverage and, if so,

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 7
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

why she failed to address it in NCC's first denial.  Mr. Iqbal followed up the converstion with an email summarizing the City's position on April 17, 2020. NCC.  NCC sent a letter denying the claim again.

## VIII.  NCC'S FURTHER DENIALS OF THE CITY'S CLAIM

23.     The City retained counsel, Gordon Tilden Thomas & Cordell ("GTTC") to assist with the coverage dispute. Ms. Susannah Carr sent the letter on May 1, 2020, to Ms. Creel. NCC retained counsel, who sent a third denial on May 12, 2020.

24.     Ms. Carr sent another letter to NCC's outside counsel on June 17, 2020.  NCC's counsel repeated NCC's denial again on June 22, 2020.

## IX.  NCC's DENIALS WERE WRONGFUL

25.     NCC's coverage denials constituted breach of contract, bad faith, and violations of Washington's Insurance Fair Claims Handling Act, RCW 48.30 *et. seq.*, because *inter alia*:

    a.     The City's liability arising from Officer Dorr's injuries was a covered loss under the Policies;

    b.     The denials ignored a basic principle of Washington insurance law, which is that an insurer cannot deny a duty to defend "based on a questionable or equivocal interpretation of the law." *Webb v. USAA Cas. Ins.* 12 Wn.App.2d 433,  457 P.3d 1258, 1266 (2020) (quoting *Am. Best Food v. Alea London, Ltd.,* 168 Wash.2d 398, 411-13, 229 P.3d 693 (2010), and *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 60, 164 P.3d 454 (2007)).

    c.     NCC favored the Named Insured, the Sounders, at the expense of the Additional Insured, the City.

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 8
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

d.    NCC assigned one adjuster to the two claims from the Named Insured, the Sounders, and the Additional Insured, the City.  On information and belief, the same K & K agent, Ms. Paula Creel, denied the City's claim as Additional Insured, while at the same time hiring outside counsel to defend the Named Insured (Sounders).  NCC should have assigned two adjusters and made sure an ethical screen was in place between them;

e.    NCC failed to provide, or offer to provide, a copy of the Primary Policy or Excess Policy to the City;

f.    NCC failed to mention the Stop Gap coverage provided in Exhibit 1, which provides coverage to the City, while not providing a copy of the Primary Policy to the City. Washington's fair claims handling regulations require insurers to fully disclose "all pertinent benefits, coverages or other provisions of an insurance policy under which a claim is presented."  WAC 284-30-350.

## X.  FIRST CLAIM:  DECLARATORY JUDGMENT

26.    **Incorporation by Reference.**  The City incorporates the allegations in paragraphs 1-25.

27.    **"Loss" and "Defense Costs."**   Under the policies, NCC undertook the duty to pay "Loss" and "Defense Costs" for any "Claim" first made during the "Policy Period."  The duty to pay "Loss" and "Defense Costs" are subject only to the terms stated in the policy.

28.    **Actual Controversy.**  An actual controversy of a justiciable nature presently exists between the City and NCC regarding the proper construction of the Policies and the rights and obligations of the parties thereto with respect to the claims made in the Underlying

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 9
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Suit.  The issuance of declaratory relief by this Court will terminate that existing controversy between the parties.

## XI.  SECOND CLAIM:  BREACH OF CONTRACT

29.  **Incorporation by Reference.**  The City incorporates the allegations in paragraphs 1-28.

30.  **Breach of Contract.**  NCC has breached its duty to defend and pay "Defense Costs."  NCC's refusal to pay is a breach of the Policies and has damaged and will continue to damage and impair the City's defense of the Underlying Suit.

31.  **Damages.**  As a direct and proximate result of NCC's breach, the City has been deprived of the benefits of its insurance coverage.

32.  **Additional Damages.**  As another direct and proximate result of NCC's breach of the Policies, the City has been forced to incur attorneys' fees for both inside and outside counsel, expert costs, deposition costs, and other expenses in order to defend itself.

## XII.   THIRD CLAIM:  INSURANCE BAD FAITH

33.  **Incorporation by Reference.**  The City incorporates the allegations in paragraphs 1-32.

34.  **Good Faith and Fair Dealing.**  NCC owes the City duties of good faith and fair dealing under common law and under the Insurance Fair Claims Handling Act, RCW 48.30 *et. seq.*

35.  **NCC's Bad Faith Conduct.**  In Washington State, the public has an interest in the insurance industry.  RCW 48.01.010. NCC's conduct constitutes unfair practices which are in bad faith.  These are defined in RCW 48.30 *et. seq.*, including, but not limited to those unfair practices delineated in RCW 48.30.015 and WAC 284.30 *et seq.*

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 10
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

36. **Damages.**  As a result of NCC's bad faith conduct, harm to the City is assumed. In addition, the City has been deprived of the benefits of its insurance coverage and has been forced to incur attorneys' fees and other expenses to defend the Underlying Suit, and to prosecute this action.

37. **Coverage by Estoppel.**  As a result of NCC's bad faith actions, it is estopped from denying coverage under the Policies.

## XIII.  FOURTH CLAIM: VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT, RCW 19.86 *ET. SEQ.*

38. **Incorporation by Reference.**  The City incorporates the allegations in paragraphs 1-37.

39. **Unfair Claims Practices**. NCC violated WAC 284-30 *et. seq.* by favoring the named insured, the Sounders, over the additional insured, the City, failing to assign two adjusters to the file and erecting an ethical screen between them, failing to provide copies of the policies in a timely manner, and failing to point out the Stop Gap coverage to the City.

40. **Unfair and Deceptive Acts**.  NCC's conduct as set forth in this pleading was unfair and deceptive.

41. **Damages.**  NCC's conduct is unreasonable and violated the WAC, the RCWs, and common law entitling the City to exemplary damages for each violation, along with attorneys' fees and costs.

## XIV.  PRAYER FOR RELIEF

The City requests the following relief:

42. **Declaratory Judgment.**  That this Court declare and decree that NCC: (1) is obligated under the Policies to pay in full on behalf of the City all "Loss" and "Defense Costs"

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 11
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

arising from the Underlying Suit and arising from this action; (2) shall immediately defend and indemnify the City in the underlying lawsuit: and (3) acted in bad faith, violated the Washington Administrative Code 284-30 *et. seq.* and the Insurance Fair Claims Handling Act RCW 48.30 *et. seq,* violated RCW 19.86 *et. seq.*, and acted unreasonably, in violation of Washington's Consumer Protection Act.

43.   **Damages.**   That the City be awarded money damages in its favor and against NCC as a result of NCC's breach of contract, bad faith conduct, and violation of the Consumer Protection Act, in an amount to be proven at trial, together with any pre-judgment and post-judgment interest.

44.   **Exemplary Damages.**   That the City be awarded treble damages as permitted by the Insurance Fair Claims Handling Act and the Consumer Protection Act.

45.   **Estoppel.**   That this court declare and decree that NCC's conduct constitutes bad faith and that NCC is estopped from denying coverage or raising coverage defenses.

46.   **Attorney's Fees and Costs of Suit.**   That the City be awarded its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees for outside counsel, and a lodestar amount for attorneys' fees for attorneys in the City Attorney's Office pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991) and Washington's Consumer Protection Act, and the Insurance Fair Claims Handling Act.

/ / / / /

/ / / /

/ / /

/ /

/

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 12
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

47.     **Other Relief.**  Such other and further relief as is just, proper and equitable.

DATED this 17th day of November, 2020.

GORDON TILDEN THOMAS & CORDELL LLP
Attorneys for Plaintiff City of Seattle

By    s/ *Michael P. Brown*
          Susannah C. Carr, WSBA #38475
          Michael P. Brown, WSBA #45618
          600 University Street, Suite 2915
          Seattle, Washington 98101
          206.467.6477
          scarr@gordontilden.com
          mbrown@gordontilden.com

PETER S. HOLMES
Seattle City Attorney

By    s/ *Robert Tad Seder*
          Robert Tad Seder, WSBA #14521
          Assistant City Attorney
          Seattle City Attorney's Office
          701 Fifth Avenue, Suite 2050
          Seattle, Washington  98104
          206.684.8200
          Tad.Seder@Seattle.gov

COMPLAINT FOR DAMAGES AND DECLARATORY
RELIEF - 13
Cause No.:

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477